■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered November 19, 1986, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The evidence adduced by the People indicated that, during the early morning of October 7, 1986, the codefendant Mary Anne Davis offered to purchase crack cocaine at the request of an undercover police officer. The officer gave Davis two $10 bills in prerecorded money and accompanied her into a building where drugs were being sold. Once inside the building, both the defendant and the codefendant Manuel Feliu held out vials of crack in response to Davis's request to buy the drug. Davis then completed the transaction, but the undercover officer could not observe whether the defendant or Feliu actually supplied the narcotics and accepted the payment. After the sale was completed and the officer had left, Davis, the defendant, and Feliu were arrested. The defendant was searched upon his arrest and the prerecorded money was recovered from his person.

Viewing the evidence in the light most favorable to the

prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant has failed to preserve for appellate review the majority of alleged errors which he claims the trial court and prosecutor committed. With respect to those claimed errors which are preserved for appellate review, we find that they were cured by the prompt action of the trial court or are harmless under the circumstances presented.

Finally, the defendant's remaining contention regarding the propriety of his sentence is without merit *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.